UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

---

GUAM INDUSTRIAL SERVICES INC.,

        Plaintiff,                      Civil Action No 05-1599

        v.                               (RMU)

DONALD H. RUMSFELD,  ET. AL;,

        Defendants

---

## PLAINTIFF'S MOTION FOR RECONSIDERATION AND CORRECTION. AND SUPPORTING POINTS AND AUTHORITIES

Plaintiff, by undersigned counsel, respectfully moves the Court for reconsideration of its Memorandum Opinion of August 4, 2005, and that upon reconsideration (1) the Court correct certain errors concerning matters in the record, and (2) upon correction of the record errors, reconsidering its order denying a temporary restraining order.

### Points and Authorities

In support of this motion, Plaintiff shows:

1. The Court in its Memorandum Opinion at page 12 stated that Plaintiff referred to a Memorandum of Agreement (MOA) between DOD and MARAD that had not been attached to Plaintiff's motion. In fact, the Memorandum of Agreement was indeed attached as Exhibit 2 to the Declaration of Mathews Pothen, president of Guam Shipyard,

dated and filed on August 16, 2005 in support of Plaintiff's Motion for Preliminary Injunction, and referred to as such in our separate Motion for Temporary Restraining Order. We request that the Court correct this error, both for the sake of an accurate record, and because this MOA, we submit, should bind the government to follow it and therefore affects the outcome of this case. The Court's Memorandum Opinion may constitute the "law of the case" as we proceed to the merits of the requested final and declaratory relief, and therefore should be accurate, as we are confident the Court also desires. Further, the opinion suggests that Plaintiff's counsel failed to attach an important document and we believe we are entitled to correct that impression.

    2. Second, the Court indicated that it appeared that the MOA had been superseded. In fact, we believe that the record is clear that the MOA has not been superseded. The Government noted that a separate exhibit, the operating agreement ("Ship Manager Agreement") between MARAD and its private operators had been superseded. That agreement was also attached as part of Exhibit 2 to the Pothen Declaration of August 16. We agreed with the government that this contract had been superseded but that it contained the same provisions regarding repairs in U.S. shipyards. The government has not contended that the MOA was superseded.

    3. Based on the record evidence that the MOA is still an operative government policy statement and interpretation of its own duties, we submit that it is controlling. The MOA states that MARAD will conduct all ship repair work for Ready Reserve vessels in United States shipyards, and the award of the repair contract to Singapore was therefore unlawful. As we noted in our Memorandum in Support of Motion for Preliminary Injunction, it is incumbent on agencies to follow their own procedures, and action that

fails to comply with applicable regulations is illegal. *Morton v. Ruiz,* 415 U.S. 199, 235 (1974); *Vitarelli v. Seaton,* 359 U.S. 535, 575 (1959).

4. Plaintiff offered evidence of two possible homeports for Petersburg – Norfolk, Virginia, as shown in the American Bureau of Shipping records (Pothen declaration par. 7), and Guam, as indicated in the MARAD public affairs release of new ship manager contracts. Plaintiff did not question either determination, because it believed that both "homeports" were in the United States, and thus as between Norfolk and Guam, for purposes of 10 U.S.C. § 7310(a), the distinction between Norfolk and Guam was irrelevant. Of note, Defendant never challenged Plaintiff's evidence of the homeport Norfolk, but argued that Guam was outside the United States and therefore of 10 U.S.C. § 7310(a) did not apply.

5. While Plaintiff continues to believe that SS Petersburg is homeported in the United States, if the vessel is considered to be homeported outside the United States, then the government failed to follow its own regulations concerning repair of such vessels. The controlling regulation cited by the Defendant (COMSCINST 4700.15A) provides at at Par. 5 (1) that: "Ships shall only be considered homeported overseas for the purpose of accomplishing maintenance and repair when specifically approved as such by ASN (RD&A). Par. 6.b provides further that: "COMSC shall request ASN (RD&A) approval for an overseas homeport designation."  There is no evidence that MSC ever sought to change the homeport designation of Petersburg from the United States to overseas. There is certainly no evidence that MSC ever sought approval from ASN (RD&A), as required by COMSCINST 4700.15A, to have Petersburg's homeport category changed from United States to overseas, so as to permit repair in a foreign

shipyard. MSC regularly submits requests to ASN (RD&A) to have the homeport category of its vessels changed from United States to overseas. Its failure to submit such a request in the case of Petersburg suggests that it also considered Petersburg to be homeported in the United States.

 6. Plaintiff certainly agrees that military preparedness is of paramount interest. However, we continue to believe that military preparedness is at least well served – if not more so – with the Petersburg remaining at its duty station in Guam during the overhaul/repair period, rather than being sent thousands of miles to a foreign country for repair. Further, the nature of this regular overhaul/repair is such that the government has great latitude in scheduling. With repair in Guam, Petersburg remains on duty, available to meet mission requirements before and after drydocking.

 7. In summary, we respectfully request the Court to reconsider its ruling denying Plaintiff's Motion for a Temporary Restraining Order. The Navy and the nation have a great interest – as expressed by Congress thru 10 U.S.C. § 7310 - in preserving and protecting the American ship repair industrial base. Nowhere has the need for that industrial base capability been better exemplified that earlier this year at Guam Shipyard, following the tragic collision of the Navy's submarine USS SAN FRANSISCO. If the Guam Shipyard capability is not protected the Navy may not be able to save the next SAN FRANSISCO.

 8. We have notified counsel for the government of our intent to file this motion. The government has advised that it does not oppose the filing of this motion as to certain corrections concerning the record evidence but, of course, the government opposes reconsidering the denial of a temporary restraining order.

Respectfully submitted,

TIGHE PATTON ARMSTRONG TEASDALE, PLLC

By: _____
Thomas Earl Patton (DC Bar 009761)
John Montgomery (DC Bar 460221)
1747 Pennsylvania Ave. N.W. Suite 300
Washington, D.C. 20006
(202) 454-2840
(202) 454 2805 fax

Attorneys for Plaintiff

CERTIFICATE OF SERVICE

I certify that I caused the foregoing pleading to be served this 26th day of August, 2005 by Electronic Case Filing and by delivering copies to Dan Van Horne, Assistant U.S. Attorney.

_____
Thomas Earl Patton