IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| GUAM INDUSTRIAL SERVICES, INC., d/b/a Guam Shipyard, <br><br> Plaintiff, <br><br> v. <br><br> DONALD H. RUMSFELD, Secretary of Defense, et al., <br><br> Defendants. | Civil Action NO. 05-1599(RMU) |

DECLARATION OF CAPTAIN JAMES DRISCOLL, U.S. NAVY

1. I, James Driscoll hereby declare the following in response to Guam Industrial Services, Inc.'s suit for injunctive relief and declaratory judgment.

2. I am a Captain (O-6) on active duty in the U.S. Navy, and am currently assigned as the Director of the Operations and Plans Directorate (N3/5) of Military Sealift Command.

3. One of my responsibilities is providing information to the U.S. Department of Defense, the Office of the Secretary of the Navy, U.S. Combatant Commanders, and Navy Fleet Commanders regarding the extent of their responsibility for the operation, maintenance, and repair of U.S. Maritime Administration Ready Reserve Force (RRF) vessels, especially even when such vessels have been activated for service to the Department of Defense.

4. The Secretary of Transportation has been given statutory authority in 50 U.S.C. App. § 1744 to maintain a National Defense Reserve Fleet, including any vessel assigned by the Secretary to the Ready Reserve Force component of the fleet. The statute includes an express obligation in subsection (c)(1)(A) to maintain all of the vessels in a manner that will enable each vessel to be

activated within a period specified in plans for mobilization of the vessels.

5. In accordance with subsection 5a of an August 26, 1997 Memorandum of Agreement between the Department of Defense and the Department of Transportation, ships in the Ready Reserve Force (RRF) are maintained in accordance with standards developed by the Maritime Administration (MARAD) of the Department of Transportation. Further, in accordance with subsection 5b of this Memorandum, all shipyard and ship repair facility work on RRF ships is accomplished in private shipyards by MARAD (either directly or through ship operating companies holding contracts with MARAD). These ships are not maintained, repaired, or operated by the Department of Defense or U.S. Navy.

6. I do not believe that RRF vessels are under the jurisdiction of the Secretary of the Navy. The Secretary of the Navy is not responsible for their operation maintenance, or repair, and has no control over such decisions. Rather, RRF vessels are under the jurisdiction of the Secretary of Transportation in that the Department of Transportation is always responsible for crewing, maintaining, and repairing RRF vessels. This is an express policy and is reflected in paragraph 4d of Commander, Military Sealift Command instruction number 4700.15A of February 2, 2000 and subsections 5, 6, and 12 of the DOD/DOT Memorandum of Agreement of August 26, 1997.

7. Once an RRF vessel is activated to provide service to DOD, operational control (OPCON) over the vessel is transferred to a Combatant Commander. Combatant Commanders do not report to and are not under the supervision of service secretaries, such as the Secretary of the Navy. Operational control is control for the purpose of routing, sailing, protection, diversion, bunkering, and operation of ships, and does not include control over maintenance and repair of RRF vessels. The Combatant Commander for RRF vessels will be either a so-called geographic Combatant Commander, e.g., Pacific Command, for vessels operating in their area of responsibility, or U.S. Transportation Command for vessels engaged primarily in sealift transportation. Navy component commands that are subordinate to and in the chain of command of these Combatant Commanders will generally be the Commands that issue relevant orders to the ships, but these subordinate

Navy component commands will not control or contract for maintenance or repair of RRF vessels.

8. The Secretary of the Navy <u>does not</u> have OPCON over RRF vessels, U.S. Navy warships, e.g., aircraft carriers, or Navy auxiliaries, e.g., fleet oilers. OPCON for all such vessels resides with the Combatant Commander to whom the vessel is assigned. Under 10 U.S.C. § 5013, the Secretary of the Navy is responsible for supplying, equipping, training, maintaining, etc., naval forces, but does not have this responsibility for RRF vessels, which remain under the jurisdiction of the Secretary of Transportation for such purposes.

9. Over the course of my performance of my naval duties, I have never believed MARAD RRF vessel, whether or not activated, to be naval vessels. I am not aware of any Navy or DOD publications, which characterize such vessels as naval vessels. My understanding is that the universe of naval vessels is limited to those categories of vessels and service craft, owned and operated by the Navy listed in U.S. Navy Regulation § 406 (i.e., vessels designated USS, USNS, or service craft). RRF vessels do not fall into any of these categories.

10. RRF vessels have a status distinct from those listed in § 406 and are titled by MARAD under the U.S. vessel documentation laws (unlike naval vessels). They are not naval craft (which are generally small boats and harbor craft) and do not carry a United States Ship (USS) or United States Naval Ship (USNS) designation. RRF vessels also have special MARAD engine exhaust stack markings, different from Military Sealift Command stack markings, to further identify them as MARAD non-naval vessels.

11. I hereby declare, pursuant to 28 U.S.C. § 1746 under penalty of perjury, that the above declaration is true and correct to the best of my knowledge.

*James P. Driscoll  31 aug 05*
Captain James Driscoll, U.S. Navy