**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | | |
|---|---|---|---|
| GUAM INDUSTRIAL SERVICES, INC., | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 05-1599 (RMU) |
| | : | | |
| v. | : | Document No.: | 4 |
| | : | | |
| DONALD H. RUMSFELD, | : | | |
| Secretary of Defense *et al.*, | : | | |
| | : | | |
| Defendants. | : | | |

**MEMORANDUM ORDER**

**DENYING THE PLAINTIFF'S MOTION FOR RECONSIDERATION**

**I.  INTRODUCTION**

This matter comes before the court on Guam Industrial Services, Inc.'s ("GIS") motion for the court to reconsider its August 24, 2005 Memorandum Opinion denying the plaintiff's motion for a temporary restraining order ("TRO").  Specifically, GIS asks the court to reconsider its denial of the TRO on the grounds that a memorandum agreement between the Department of Defense ("DoD") and the Maritime Administration ("MARAD") prohibits the defendant from contracting with a non-United States shipyard.  Because the plaintiff fails to meet the standard for Fed. R. Civ. P. 54(b), the court denies the plaintiff's  motion to reconsider.

## II.  PROCEDURAL BACKGROUND

The court need not again rehash the factual background of this case[1] except to broadly

state that this case involves a dispute concerning a government contract, and the plaintiff is

requesting that the court enjoin the defendants from soliciting bids and contracting non-U.S.

shipyards for repair work on U.S. Navy Vessels.

On August 24, 2005, the court denied the plaintiff's motion for a TRO.  The court held

that the plaintiff had failed to demonstrate all four elements required for a TRO: (1) a substantial

likelihood of success on the merits; (2) irreparable harm; (3) that a balancing of the equities

favors the plaintiff; and (4) that the public interest supports the plaintiff.  *Mova Pharm. Corp. v.*

*Shalala,* 140 F.3d 1060, 1066 (D.C. Cir. 1998).  Regarding the first prong, the court held that the

United States and Guam are discrete entities under 10 U.S.C. § 7310(a) and therefore the statute

does not afford the relief that the plaintiff requests, the Secretary of the Navy's interpretation of

the statute was subject to deference under *Chevron U.S.A., Inc. v. Natural Res. Def. Council,*

*Inc.*, 467 U.S. 837, 842-43 (1984), and was reasonable, and the plaintiff failed to support the

contention that it had standing to challenge the provisions of the memorandum agreement

between the DoD and MARAD or that the agreement would afford the requested relief.  Mem.

Op. (Aug. 24, 2005) ("Mem. Op.") at 5-12.  As to the second prong, the court held that the

plaintiff's alleged loss constitutes a pure economic loss, which as a matter of law is not

irreparable, that the plaintiff had failed to develop any argument supporting its contention that

"the United States Government is probably not answerable in monetary damages for such harm

---

[1]  A detailed background description can be located in the court' Memorandum Opinion denying
the plaintiff's motion for a Temporary Restraining Order ("TRO").  Mem. Op. (Aug. 24, 2005).

under the doctrine of sovereign immunity," Pl.'s Mot. for TRO at 11, and that the plaintiff's

statement that "the impact of this continued practice on the United States' private shipyard

industry is difficult, if not impossible to ascertain," indicated the uncertainty of the plaintiff's

alleged harms. Mem. Op. at 13, n.8. Finally, with regard to prongs three and four – the equitable

prongs, the court held that the public interest, and the comparative harm to the public if the court

granted the TRO far outweighs the harm to the plaintiff in denying the TRO. Because the

plaintiff failed to establish any of the four factors necessary for the court to issue a TRO, the

court denied the plaintiff's motion.

On August 26, 2005, the plaintiff filed a motion for reconsideration and correction. The

court now turns to that motion.

### III. DISCUSSION

The plaintiff now moves the court to reconsider its denial of the TRO on the grounds that

the court's conclusion regarding the applicability of the memorandum agreement was incorrect.

The plaintiff contends that the memorandum agreement is binding on the defendant and compels

the defendant to utilize only U.S. based shipyards for repair work on certain Navy vessels.[2]

The plaintiff's legal argument in support of its motion for reconsideration is woefully

---

[2] The plaintiff also seeks a correction of the factual record in this case, and of this court's
Memorandum Opinion, reflecting that the memorandum of agreement between the Department of
Defense ("DoD") and Maritime Administration ("MARAD") is indeed a part of the record in this case.
Pl.'s Mot. for Reconsideration at 1. The government does not dispute this correction. Thus, the court
accepts the plaintiff's corrections and notes that the memorandum of agreement between the DoD and
MARAD was attached as Exhibit 2 to the Declaration of Mathews Pothen, president of Guam Shipyard,
dated and filed on August 16, 2005, in support of the plaintiff's motion for preliminary injunction and
referred to by the plaintiff in its motion for a temporary restraining order.

inadequate. Perhaps the greatest glaring omission by the plaintiff is its lack of reference to a federal rule granting the court the authority to reconsider its judgments. While the court could surmise that the plaintiff brings its motion for reconsideration under Federal Rule 54, "it is not the obligation of this court to research and construct the legal arguments open to parties, especially when they are represented by counsel." *Sanches v. Miller,* 792 F.2d 694, 703 (7th Cir. 1986) (citations omitted); *see also Carducci v. Regan*, 714 F.2d 171, 177 (D.C. Cir. 1983) (stating that the courts do not sit as self-selected forums of "legal inquiry and research, but essentially as arbiters of legal questions presented and argued by the parties before them"). Because "[j]udges are not expected to be mindreaders . . . [it is the] litigant [that] has an obligation to spell out its arguments squarely and distinctly, or else forever hold its peace." *Rivera-Gomez v. de Castro*, 843 F.2d 631, 635 (1st Cir. 1988) (citations and quotations omitted). In addition to the failure to reference the legal regime by which the plaintiff brings the instant motion, the plaintiff's motion for reconsideration is conclusory. No arguments are presented as to why the plaintiff's arguments warrant relief under relevant statutory or decisional law. The only two cases cited by the plaintiff are relevant to the plaintiff's substantive arguments regarding the TRO, issues the court has already addressed in its August 24, 2005 Memorandum Opinion.

### a. Legal Standard for Rule 54

A district court may revise its own interlocutory decisions "at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." FED. R. CIV. P. 54(b); *see also Muwekma Tribe v. Babbitt,* 133 F. Supp. 2d 42, 47-48 (D.D.C. 2001); *Childers v. Slater*, 197 F.R.D. 185, 190 (D.D.C. 2000). The standard of review for interlocutory decisions

differs from the standards applied to final judgments under Federal Rules of Civil Procedure

59(e)[3] and 60(b).[4]  Relief from interlocutory orders and judgments is available under the

standard, "as justice requires."  *Childers,* 197 F.R.D. at 190 (citing FED. R. CIV. P. 60(b)

Advisory Comm. Notes).

Furthermore, while the law of the case doctrine does not automatically apply to

interlocutory decisions, *Langevine v. Dist. of Columbia*, 106 F.3d 1018, 1022-23 (D.C. Cir.

1997), the court maintains its underlying rationale as applicable.  That doctrine "posits that when

a court decides upon a rule of law, that decision should continue to govern the same issues in

subsequent stages in the same case."  *Christianson v. Colt. Indus. Operating Corp.*, 486 U.S.

800, 816 (1988) (quoting *Arizona v. California*, 460 U.S. 605, 618 (1983)).  "[T]he doctrine

applies as much to the decisions of a coordinate court in the same case as to a court's own

decisions."  *Id.*  The law of the case doctrine, however, "is not an inexorable command that

rigidly binds a court to its former decisions but rather is an expression of good sense and wise

---

[3]  Rule 59(e) motions "need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear legal error or prevent manifest injustice."  *Ciralsky v. Cent. Intelligence Agency*, 355 F.3d 661, 671 (D.C. Cir. 2004) (quoting *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (*per curiam*)).

[4]  Under Rule 60(b) courts may grant relief from judgments for: (1) mistake, inadvertence, surprise, or excusable neglect/newly discovered evidence that the moving party could not have discovered through its exercise of due diligence; (2) newly discovered evidence that the moving party could not have discovered through its exercise of due diligence; (3) fraud, misrepresentation, or other misconduct by the adverse party, but such must have prevented him from fully and fairly presenting his case and that fraud is attributable to the other party or his counsel; (4) void judgments (i.e., the court lacked personal or subject matter jurisdiction in the case, acted in a manner inconsistent with due process, or proceeded beyond the powers granted to it by law); (5) judgments that have been satisfied released or discharged or when there has been a material change in the controlling law used in reaching that judgment, or when it is no longer equitable that the judgment should have prospective application; and finally; and (6) any reason justifying such relief.  FED. R. CIV. P. 60(b); *Lepkowski v. Dep't of Treasury*, 804 F.2d 1310, 1311-12 (D.C. Cir. 1986).

judicial practice." *Melong v. Micronesian Claims Comm'n*, 643 F.2d 10, 17 (D.C. Cir. 1980)

(quoting *Carpa v. Ward Foods, Inc.*, 567 F.2d 1316, 1320 (5th Cir. 1978)); *see Messinger v.*

*Anderson*, 225 U.S. 436, 444 (1912) (noting that the law of the case doctrine "merely expresses

the practice of courts generally to refuse to reopen what has been decided, not a limit to their

power"); *Virgin Atlantic Airways v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)

(stating that "where litigants have once battled for the court's decision, they should neither be

required, nor without good reason permitted, to battle for it again"). Given the good sense of this

doctrine, nothing prevents the court from applying the rationales of the law of the case doctrine

to guide a Rule 54 decision. *Virgin Atlantic Airways*, 956 F.2d at 1255 (holding that "[e]ven if

Rule 54(b) allows parties to request district courts to revisit earlier rulings, the moving party

must do so within the strictures of the law of the case doctrine").

> The court is mindful that
>
> [a] court has the power to revisit prior decisions of its own or of a coordinate court in any circumstance, although as a rule courts should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice.'

*Christianson*, 486 U.S. 800 at 817 (quoting *Arizona*, 460 U.S. at 618 n.8). The advisory notes to

Rule 60(b) guides that "interlocutory judgments are . . . left subject to the complete power of the

court rendering them to afford such relief from them as justice requires." FED. R. CIV. P. 60(b)

Advisory Comm. Notes. Finally, the D.C. Circuit has confirmed that pursuant to the district

court's plenary powers, it may review and amend interlocutory decisions when it is "consonant

with equity." *Schoen v. Wash. Post*, 246 F.2d 670, 673 (D.C. Cir. 1957); *see also Childers,* 197

F.R.D. at 190.

**b.  The Plaintiff Fails to Demonstrate that Justice Requires the Court to Amend**

The plaintiff has neither bothered to cite any case law, nor argue why its claims fall within the applicable legal mold.  Sadly, the plaintiff's shortcomings are not new, but existed in its initial TRO motion, and were referenced by the court in its Memorandum Opinion.  Mem. Op. at 13, n.8 (stating that the "plaintiff provides no legal argument in support of [the] conclusory statement" that sovereign immunity bars a later lawsuit).  To the plaintiff's misfortune, "[i]t is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work, create the ossature for the argument, and put flesh on its bones."

The plaintiff has not provided any supporting legal argument and as such, has failed to demonstrate that justice requires the relief sought, as is required under Rule 54.  *Childers,* 197 F.R.D. at 190 (citing FED. R. CIV. P. 60(b) Advisory Comm. Notes).

Further, as is the case with Rule 59 motions, a Rule 54 motion "is not simply an opportunity to reargue facts and theories upon which a court has already ruled," *New York v. United States*, 880 F. Supp. 37, 38 (D.D.C. 1995), or a vehicle for presenting theories or arguments that could have been advanced earlier.  *Kattan v. District of Columbia*, 995 F.2d 274, 276 (D.C. Cir. 1993); *W.C. & A.N. Miller Cos. v. United States*, 173 F.R.D. 1, 3 (D.D.C. 1997).  The plaintiff's arguments are just that.

Accordingly, for these reasons, it is this 30th day of September, 2005, hereby

**ORDERED** that the plaintiff's motion to reconsider is **DENIED**.

**SO ORDERED**.

RICARDO M. URBINA
United States District Judge

7