UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

GUAM INDUSTRIAL SERVICES INC.,

        Plaintiff,                        No. 05 Civ. 01599 (RMU)

        v.

DONALD H. RUMSFELD, et. al,

        Defendants

_____

**CONSENT MOTION FOR INITIAL STATUS CONFERENCE**

Pursuant to Paragraph 7 of this Court's Standing Order for Civil Cases, and pursuant to Rule 16, Fed. R. Civ. P., Plaintiff respectfully moves this Court for an order setting an initial status conference for the purpose of permitting and requiring the Government to respond to Plaintiff's outstanding document discovery request. Counsel for the Government has advised that it consents to the setting of a status conference for such purpose, but that it opposes Plaintiff's requested discovery. In support of this motion, Plaintiff states:

    1. The Government has moved for summary judgment. The Plaintiff has filed an opposition to summary judgment. Among other grounds for opposing summary

judgment, Plaintiff maintains that there is no full administrative record of facts, and that summary judgment is not ripe until there has been an opportunity for discovery. (See Point 4., Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss or for Summary Judgment ) Accordingly, Plaintiff has served upon the Government pursuant to Rule 34, Fed. R. Civ. P., a Request for Production of Documents. That request essentially seeks production from the Government of the record concerning such disputed factual issues as to what vessels are under the jurisdiction of the Secretary of the Navy. This is a key issue in this case. Plaintiff maintains that all Military Sealift Command (MSC) vessels, including ready reserve vessels involved in this case, are under the Secretary's jurisdiction and the Government maintains that they are not. Plaintiff maintains that it is entitled to discovery of the Government's record of managing ready reserve vessels to establish that these MSC vessels are in fact under the Secretary's jurisdiction. Plaintiff maintains that without an adequate administrative record of the operation of vessels in MSC control, neither this Court nor the Court of Appeals will have an adequate record for decision.

  2. In response to Plaintiff's Request for Production of Documents, the Government has objected on the ground that discovery is premature until there has been a Rule 26 (f) "meet and confer" and a scheduling order has been entered. In response to this, Plaintiff's counsel telephoned counsel for the government and they briefly "met and conferred" on this issue and did not reach any agreement as to the appropriateness of discovery at this time. Counsel then conducted a brief teleconference with the Court's clerk and were advised to file this motion. As noted, the Government does not oppose a status conference, but continues to oppose any need for discovery. Plaintiff submits that

summary judgment is premature prior to adequate discovery of the full administrative record.

      3. For these reasons, Plaintiff requests that the Court schedule an initial status conference, including a deadline to "meet and confer" in order that Plaintff be allowed to proceed with the limited document discovery previously requested. Attached to this motion in support hereof are (1) Plaintiff's Request for Production of Documents" and (2) the Government's letter objecting to discovery.

                          Respectfully submitted,

By:   /s/ Thomas Earl Patton
       Thomas Earl Patton (D.C. No. 009761)
       John B. Montgomery (D.C. 460221)
       Attorneys for Plaintiff
       TIGHE PATTON ARMSTRONG TEASDALE
       1747 Pennsylvania Ave. N.W.
       Suite 300
       Washington, D.C. 20006
       (202) 454 2800
       (202) 454-2805 fax.

<u>Certificate of Service</u>

The undersigned hereby certifies that a true and correct copy of Plaintiff's Motion for Initial Status Conference was served by operation of the Court's electronic filing system or was served vial electronic mail and/or first class mail postage prepaid this 19th day of October, 2005 to: Kathleen M. Kanopka, Assistant U.S. Attorney.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| GUAM INDUSTRIAL SERVICES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 05-CV01599 |
| | ) | |
| DONALD H. RUMSFELD, Secretary of Defense, et al., | ) | Judge Ricardo M. Urbino |
| | ) | |
| Defendants. | ) | |
| | ) | |

## PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS DIRECTED TO DEFENDANTS

COMES NOW Plaintiff Guam Industrial Services, Inc., d/b/a Guam Shipyard ("GIS" or "Guam Shipyard"), pursuant to Rule 34 of the Federal Rules of Civil Procedure, and requests that Defendants Donald H. Rumsfeld, Secretary of the U.S. Department of Defense ("DoD"), Gordon R. England, Secretary of the Department of Navy ("Navy"), Norman Y. Mineta, Secretary of the Department of Transportation ("DOT"), and John Jamian, Acting Administrator, Maritime Administration ("MARAD") (collectively, "Defendants") produce the following documents within the time provided by law:

### INSTRUCTIONS AND DEFINITIONS

1.  Whenever used in this request, the following terms shall have the following meanings:

    a.  "Document" as used herein is used in the broadest sense permitted by the Federal Rules of Civil Procedure and shall include, but is not limited to, all written, recorded, or graphic materials of any nature whatsoever and all copies thereof, within the possession, custody or control of Defendants, or of any person acting or purporting to act

for or on behalf of Defendants or in concert with Defendants, including, but not limited to: information stored on computer or computer-accessible medium (such as floppy disk, hard disk, or CD-ROM storage), tape recordings, affidavits, contracts, agreements, correspondence, telegrams, memoranda, records of telephone conversations, personal conversations, or interviews, diaries, calendars, telex messages, transcripts, appointment books, statistical statements, work papers, drafts, graphs, charts, slides, demonstrative or visual aids, accounts, analytical records, minutes or records of meetings or conferences, consultants' reports, appraisals, expense accounts, reports or summaries of negotiations, brochures, lists, journals, advertisements, computer tapes and cards, data processing input and output, microfilm and all other written, printed, recorded or photographic mater or sound reproductions, however produced or reproduced.

For purpose of the foregoing, the term "draft" means any earlier, preliminary, preparatory, or tentative version of all or part of a document, whether or not such draft was superseded by a later draft and whether or not the terms of the draft are the same or different from the terms of the final document; and the term "copies" means all copies of any documents which are not identical in every respect with the document being produced.

    b.    "You" or "Your" refers to Defendants DoD, Navy, DOT, MARAD, their employees, agents, and officials.

    c.    "Plaintiff" refers to GIS or Guam Shipyard.

    d.    "Complaint " refers to the Complaint filed by Plaintiff in Case No. 1:05CV01599 in the United States District Court for the District of Colombia on or about August 10, 2005.

2. The provisions of the Federal Rules of Civil Procedure regarding the supplementation of the responses to this request shall apply hereto.

3. Pursuant to Rule 34(b) of the Federal Rules of Civil Procedure, Defendants are instructed to produce documents as they are kept in the usual course of business, or the documents shall be organized and labeled to correspond with the categories in this request. In addition, documents are to be produced in full and unexpurgated form; redacted documents will not constitute compliance with this request.

4. If any document described in this request was, but no longer is, in Defendants' possession, or subject to its custody or control, or in existence, state whether:

   a. it is missing or lost;

   b. it has been destroyed;

   c. it has been transferred, voluntarily or involuntarily, to others; or

   d. it has been disposed of otherwise.

In each instance, explain the circumstances surrounding such disposition and identify the person(s) directing or authorizing same, and the date(s) thereof. Identify each document by listing its author, his or her address, type of writing (e.g., letter, memorandum, telegram, chart, photograph, etc.), date, subject matter, present location(s) and custodian(s), and state whether the document (or copies) are still in existence.

5. With respect to any document covered by this request which is believed to be privileged or should not be produced for some other reason, please provide the following information: (a) the nature or type of writing (e.g. memorandum, letter, report, etc.); (b) its date; (c) the identity of the author; (d) the identity of each recipient and addressee of the original of the

documents; (e) the identity of all other persons who received copies of the documents; (f) the subject matter referred to in the document; and (g) the reason for non-production.

## DOCUMENT REQUESTS

1.     Any and all documents, including, but not limited to, correspondence, notes and memoranda, relating or referring to Defendants' interpretation of and compliance with 10 U.S.C. §7310.

**RESPONSE:**


2.     Any and all documents, including, but not limited to, correspondence, notes and memoranda, relating or referring to Defendants' procedures and processes for determining homeports for naval vessels.

**RESPONSE:**


3.     Any and all documents, including, but not limited to, correspondence, notes and memoranda, relating or referring to Defendants' procedures and processes for determining homeports for all other vessels under the jurisdiction of the Navy, including all vessels participating in programs administered and/or funded by the Military Sealift Command ("MSC"), and all vessels participating in programs administered and/or funded by MARAD.

**RESPONSE:**

4. Any and all documents, including, but not limited to, correspondence, notes and memoranda, relating or referring to Defendants' definitions and policies regarding "voyage" and "non-voyage" repairs of vessels.

**RESPONSE:**

5. Any and all documents, including, but not limited to, correspondence, notes and memoranda, relating or referring to the Memorandum of Agreement between DoD and DOT ("MOA") concerning United States Ready Reserve Force Ships.

**RESPONSE:**

6. Any and all documents relating to communications between DoD and DOT concerning their interpretation of and compliance with 10 U.S.C. §7310.

**RESPONSE:**

7. Any and all documents relating to communications between DoD and DOT concerning their procedures and processes for determining homeports for naval vessels, and all other vessels under the jurisdiction of the Navy, including all vessels participating in programs administered and/or funded by the MSC, and all vessels participating in programs administered and/or funded by MARAD.

**RESPONSE:**

8.    Any and all documents relating to communications between DoD and DOT concerning their definitions and policies regarding "voyage" and "non-voyage" repairs of vessels.

**RESPONSE:**

9.    Any and all documents relating to communications between DoD and DOT concerning their interpretation of and compliance with the MOA regarding United States Ready Reserve Force Ships.

**RESPONSE:**

10.    Any agreement between DoD and DOT concerning any claims made in the Complaint as they apply to 10 U.S.C. §7310, homeports for vessels under the jurisdiction of the Navy, "voyage" and "non-voyage" repairs of vessels, and/or United States Ready Reserve Force Ships, in effect at any time during the period January 1, 1996 through the present.

**RESPONSE:**

Respectfully submitted,

By: /s/Thomas Earl Patton
Thomas Earl Patton (D.C. No. 009761)
John B. Montgomery (D.C. No. 460221)
David Taylor (D.C. No. 91280)
*Attorneys for Plaintiff*
TIGHE PATTON ARMSTRONG
 TEASDALE, PLLC
1747 Pennsuylvania Ave. N.W. Suite 300
Washington, D.C. 20006-4604
Tel. (202) 454 2800
Fax (202) 454- 2805

OF COUNSEL:

ARMSTRONG TEASDALE LLP
Edwin L. Noel (Mo. No. 24184)
F. Scott Galt (Mo. No. 56548)
One Metropolitan Square, Suite 2600
St. Louis, MO. 63102-2740
TEL: (314) 621-5070
FAX: (314) 621- 5065

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of Plaintiff's Request for Production of Documents Directed to Defendants was served by operation of the Court's electronic filing system or was served via electronic mail and/or first class mail, postage prepaid, this____ day of September, 2005, to:


                                                    _____/s/Thomas Earl Patton_____

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of Plaintiff's Request for Production of Documents Directed to Defendants was served by operation of the Court's electronic filing system or was served via electronic mail and/or first class mail, postage prepaid, this ___ day of September, 2005, to:

        Kathleen M. Kanopka

        Assistant U.S. Attorney

        Room E-4816, Civil Division

        555 Fourth St. NW

        Washington, D.C. 20530

        /s/ Thomas Earl Patton



**U.S. Department of Justice**

Kenneth L. Wainstein
United States Attorney

*District of Columbia*

---

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C. 20530*

October 7, 2005

Thomas Earl Patton, Esquire
Tighe Patton Armstrong
  Teasdale, PLLC
1747 Pennsylvania Ave., N.W., Suite 300
Washington, D.C. 20006-4604

    Re:    Guam Industrial Services, Inc. v. Rumsfeld
             C.A. No. 05-CV-01599 (RMU) (D.D.C.)

Dear Mr. Patton:

       We have received "Plaintiff's Request for Production of Documents Directed to Defendants," which you sent to Assistant United States Attorney Kathleen M. Konopka by first-class mail on September 20, 2005. That paper contains a number of document production requests from the plaintiff in the above-referenced civil action. Those document production requests are unauthorized, premature, and invalid. Consequently, defendants have no obligation to respond to those requests in any way, and will not do so.

       Plaintiff's document production requests violate Fed. R. Civ. P. 26(d), which provides that "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)," and Local Civil Rule 16.4, which contemplates the entry of a scheduling order in accordance with Fed. R. Civ. P. 16(b) governing the conduct of discovery and other matters. No Rule 26(f) conference has taken place and no scheduling order governing the conduct of discovery has been entered in this case. Furthermore, under Paragraph 8 of Judge Urbina's Standing Order for Civil Cases, the deadline for the parties' Rule 26(f) conference has not even been established because the Court has not yet set a date for the initial status conference.

       Even assuming that it were appropriate for the parties to hold the Rule 26(f) conference now, it would be defendants' position that discovery should be deferred until after the Court rules on defendants' pending motion for summary judgment. Based on defendants' understanding of plaintiff's claim, as explained in plaintiff's recent court filings, if the Court finds that Ready Reserve Force vessels are not subject to 10 U.S.C.A. § 7310(a), defendants will be entitled to summary judgment and any issue concerning discovery will be moot. Also, plaintiff should realize that the meanings of "homeport" and "voyage repairs" for purposes of Section 7310(a) -- which appear to be the principal focus of plaintiff's discovery requests -- are irrelevant given the current posture of the case, which no longer involves any particular vessel but defendants'

"practice" with respect to Ready Reserve Force vessels in general. In this connection, it is defendants' belief and "practice" that Ready Reserve Force vessels are not subject to Section 7310(a) at all, and so may be repaired in foreign shipyards regardless of the Ready Reserve Force vessel's homeport or the nature of the repairs.

If you wish to discuss the above further, please do not hesitate to contact me by telephone at (202) 514-7168, or by email at daniel.vanhorn@usdoj.gov.

> Sincerely,
>
> KENNETH L. WAINSTEIN
> United States Attorney
>
> By: DANIEL F. VAN HORN
> Assistant United States Attorney

cc: Janis Rodriguez, Esquire
Charna Swedarsky, Esquire
Kathleen M. Konopka, Esquire