UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GUAM INDUSTRIAL SERVICES, INC., ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | |
| v. ) | Civil Action No. 05-1599 (RMU) |
| ) | |
| DONALD H. RUMSFELD, et. al., ) | |
| ) | |
| *Defendants*. ) | |

**Plaintiff's Unopposed Motion
for Order Directing Entry
of Judgment on a Separate Document**

Plaintiff Guam Industrial Services, Inc. hereby moves pursuant to Fed. R. Civ. P. 58(a)(1) & 58(d) that the Court direct the Clerk of the Court to enter judgment on a separate document in this action, reflecting the fact that all claims in this action have been resolved in favor of the defendants. As stated in greater detail below, we request this relief (which the defendants do not oppose) in order to eliminate any possible ambiguity as to whether the Court's rulings constitute an appealable final judgment.

1. The Court has entered two orders that together resolved all claims in this action against the plaintiff: (a) an order entered on December 19, 2005 granting the defendants' motion to dismiss in part (Doc. No. 31) and (b) an order entered on July 24, 2006 granting the defendants' motion for summary judgment as to the remaining claims in the case (Doc. No. 35).

2. Under Fed. R. Civ. P. 58(a), "[e]very judgment and amended judgment must be set forth on a separate document[.]" However, no judgment document separate from the two orders referred to above has been entered.

3.  As a result, it is unclear whether the entry of the July 24 order disposing of the then-remaining claims is sufficient to constitute a final judgment for purposes of appeal.

4.  If the July 24 order does constitute a final judgment, the deadline for appeal in this case is September 22, 2006. (Under Fed. R. App. P. 4(a)(1)(B), all parties have 60 days after judgment to file an appeal in a case in which the United States or its officer or agency is a party. The sixtieth day after July 24, 2006 is September 22, 2006.)

5.  As a precaution in case the July 24 order is determined to constitute a final judgment, the plaintiff filed a notice of appeal on September 21, 2006. But if the July 24 order is determined *not* to constitute a final judgment, that notice of appeal would be premature.

6.  In order to eliminate any possible doubt about whether the Court's decision is final for purposes of appeal, we ask that the judgment in this case be set forth on a separate document and entered on the docket, as required by Fed. R. Civ. P. 58(a)(1) & 79(a). A request such as this is authorized by Fed. R. Civ. P. 58(d), which provides, "A party may request that judgment be set forth on a separate document as required by Rule 58(a)(1). (The plaintiff of course reserves all of its rights with respect to the substance of the Court's rulings, and is requesting only that the Court take the ministerial action needed to eliminate any doubt as to whether the Court's rulings are appealable.)

7.  If the July 24 order is determined not to constitute a final judgment, the notice of appeal filed on September 21 will become effective upon the entry of the separate document that is requested by this motion. *See* Fed. R. App. P. 4(a)(2) ("A notice of appeal filed after the court announces a decision or order—but before the entry of the judgment or order—is treated as filed on the date of and after the entry.").

8.  Counsel for the defendants has stated that they do not oppose the relief sought by this motion, but do not believe the relief is necessary in light of the Court's July 24 order.

Respectfully submitted,

/s/ Thomas Earl Patton
Thomas Earl Patton, No. 009761
Tighe Patton Armstrong Teasdale, PLLC
1747 Pennsylvania Ave., N.W., Suite 300
Washington, D.C. 20006
Phone: (202) 454-2840
Fax: (202) 454-2805
tpatton@tighepatton.com
*Attorney for Plaintiff*